Judge Sucknhk,
delivered the opinion of tbccourl.
Samhei. TuaidEjr administered on the estate of Sinnett Young, deceased, and executed bond with James Young and Original Young, his sureties.
This was a suit, in chancery, instituted by Willis Young against Turley and his sureties, alleging, that as one of the heirs and distributees of Sinnett Young, deceased, he was entitled to one ninth pari, of his estate. *134 after deducting therefrom the widow’s dower; which estate had fallen into the hands of the administrator, who failed and refused, although he had been called on for that purpose, to make distribution of it, and assign to him the part to which he was entitled. He. prays for a decree against them for his part of the estate.
One disiribu- ■ tee of an intestate’s estate is not entitled to a decree for distribution, unless .be bring all of the distributees before the court.
The defendants answered, contesting his right to a decree.
An interlocutory decree was entered, declaring that the complainant was entitled, as distributee; to one hinth part of the estate, and a commissioner appointed for the purpose, returned a report, by which he was rtllowed, as his distributable portion thereof,’ $148 732 cents; but the decree and report were set aside by the court.
On the 12th of June, 1829, a final decree was entered, in favor of the defendant in error, against the administrator and his sureties, for $148 73 cents, with interest thereon, from the date of the commencement of this suit, being the 15th of March, 1825, and costs; to reverse which, they prosecute this writ of error; insisting, in the first place, that the defendant in error was not entitled to any decree, because the widow and other distributees were necessary parties, and were not before the court.
Secondly, that it was not proper to decree for so much as $148 73 cents, even if it be conceded that he was entitled to relief to some extent.
The first error assigned is fatal. One distributee of an intestate’s estate, is not entitled to a decree for distribution of the estate, unless he bring all the distribu-tees before the court; see the case of Slaughter, &c. vs. Froman and wife, V Mon. 21, and that of Prewett’s executor vs. Prewett’s heirs, IV Bibb, 268. No deposition, moreover, or other proof was offered, satisfactorily showing the amount to which the defendant in error was entitled.
The decree of the circuit court must be reversed, and the cause remanded to that court, -with directions to dismiss the bill of the defendant in errqr, with costs, and without prejudice to any future suit, for the same cause, unless he shall bring the proper parties before *135 the court, in a reasonable time given for that purpose; in which event, such proceedings may be had as may be necessary for the purposes of justice,
Denny and Triplett, for plaintiffs; Hanson, for defen dant.